ELIZABETH F. GOODWIN, PLAINTIFF, v. CRESCENZO DENTATO, DEFENDANT.

Decided January 16, 1929.

Before Justices MINTURN, BLACK and CAMPBELL.

For the plaintiff, *Keating & Keating.*

For the defendant, *Rogers & Johnson.*

PER CURIAM.

The rule to show cause allowed in this case brings up for the consideration of the court the question as to the adequacy

of the verdict rendered in favor of the plaintiff, at the Middle-sex Circuit, for personal injuries sustained by her while riding in an automobile owned and driven by Paul J. Landwehr. Mr. Landwehr was driving his car in a southerly direction along the Lincoln Highway, in New Brunswick, New Jersey, and, as he alleged, made due observations in the rear view mirror, and having ascertained that no other vehicles were in his immediate vicinity, commenced to make a left turn into a private driveway which ran from the Lincoln Highway, at a point approximately forty feet south of the intersection of Lufbury avenue and the Lincoln Highway. While his car was at an angle of about ten degrees, between the right hand side and the centre of the highway, Mr. Landwehr saw the reflection on the roadway of the headlights of an automobile overtaking him from the rear, and brought his car to a complete stop. Shortly thereafter the automobile owned by the defendant, traveling in the same direction as the Landwehr car, driven by the defendant's son-in-law, Joseph Constantino, ran into the left rear of the Landwehr car, damaging the same and causing the personal injuries for which the plaintiff brought this suit.

The ownership of the car was not denied, or the fact that it was being driven by the defendant's son-in-law with the defendant's consent.

At the trial the defendant did not appear personally or by attorney, and the plaintiff's case alone was presented to the jury, who brought in a verdict in favor of the plaintiff and against the defendant for $1,500.

Thereafter other counsel was substituted for the defendant, and the plaintiff consenting thereto, a new trial was had on May 9th, 1928, at which both parties were represented by counsel. The result of this trial was that the plaintiff obtained a verdict from the jury for $300; and this rule was obtained upon the theory that the verdict of $300 was inadequate and should be set aside for that reason.

The medical testimony showed that the plaintiff suffered nervous shock, a fractured rib, and bruises in the neighborhood of the left side of the forehead and around the eye, as

well as on her arm near the elbow, and that a slight scar remained upon her forehead.

The plaintiff was sixty-four years old, and remained home from work for a month, during which period she continued to receive her wages.

The physician's bill was estimated at about $100.

The plaintiff at the time was riding as a guest of Mr. Land-wehr in the auto, in which she was seated, and had no control of the car, which was under his direction and control.

On the trial the defendant offered no medical witnesses, while the plaintiff offered one physician, a family doctor of twenty years acquaintance and service, who considered the plaintiff a friend. He testified as to her nervous condition and the permanent results of the injury the plaintiff sustained, which in our judgment would indicate that the verdict of the jury for $300 under the circumstances was entirely inadequate and presents the basis for a trial *de novo*.

The reply brief filed deals to a great extent with the *modus operandi* employed, or alleged to have been employd, by the plaintiff in obtaining the first judgment. We are not, of course, concerned with that feature of the case at this time, but are concerned only with the adequacy of the damages awarded by the jury upon the last trial, which as we have observed, we considered inadequate.

The result, therefore, will be that a new trial will be ordered, and confined entirely to the question of damages sustained by the plaintiff. To that extent the rule will be made absolute.